UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>                              Plaintiff,<br><br>v.<br><br>ECONO LODGE INN & SUITES, HILLSIDE HOSPITALITY LLC, and DOES 1-10,<br><br>                              Defendants. | Case No.:  18cv2026-GPC-LL<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") of your case will be held on **March 27, 2019** at **9:30 a.m.** in the chambers of the Honorable Linda Lopez, United States Magistrate Judge, **located at 333 West Broadway, Suite 1110, San Diego, California, 92101.**

The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.

1.      **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged, and confidential.  Counsel for any non-English

speaking party is responsible for arranging for the appearance of an interpreter at the conference.

     2.     **<u>Personal Appearance of Parties Required</u>**: All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  Counsel for a government entity is excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority</u>.

     Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least five (5) court dates prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

     3.     **<u>Full Settlement Authority Required</u>**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  See <u>Nick v. Morgan's Foods</u>, <u>Inc.</u>, 270 F.3d 590, 595-97 (8th

conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

      4.     **<u>Confidential ENE Statements Required</u>**:  No later than ten (10) court days prior to the ENE, the parties shall submit via fax, email or hand delivery, confidential statements no more than ten (10) pages[2] in length directly to the chambers of the Honorable Linda Lopez.  **<u>These confidential statements shall not be filed or served on opposing counsel</u>**.  Each party's confidential statement must include the following:

      a.     A brief description of the case, including a chronology of the relevant facts and a statement of the principal factual disputes;

      b.     A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes, including references to relevant statutes and legal authority;

      c.     A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.  A general statement that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith; and

      d.     A brief description of any previous settlement negotiations, mediation

---

Cir. 2001).

[2]  The parties shall not append attachments or exhibits to the ENE statement.

sessions, or mediation efforts.

5. **New Parties Must be Notified by Plaintiff's Counsel**: Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

6. **Case Management Conference**: In the event the case does not settle during the ENE, the Court will conduct an Initial Case Management Conference. In preparation for this conference, the parties must

a. Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **March 6, 2019**.

b. File a Joint Discovery Plan on the CM/ECF system no later than **March 15, 2019**. Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order. The Joint Discovery Plan must be one document and must address each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the discovery plan must include:

i. **Service**: A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

ii. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

iii. **Protective Order**: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

iv. **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

v. **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

vi. **Electronic Discovery**: In addition to the requirements set forth

in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

        vii.    **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes;

        viii.    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

        ix.    **Scheduling**: Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is alleged), pretrial conference and trial;

        x.    **Professional Conduct**: Whether all attorneys of record for the parties have reviewed Civil Local Rule 83.4 on Professionalism; and

        xi.    **Miscellaneous**: Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

    c.    Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than **March 20, 2019**.

    7.    **Requests to Continue an ENE Conference**: Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written, *ex parte* requests to continue an ENE conference when good cause exists that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "good cause." Any request must be filed with the Court and served on opposing counsel. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) days prior to the scheduled conference**.

8. Based upon the Court's familiarity with cases brought pursuant to the Americans with Disabilities Act, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following orders:

   a. All discovery shall be stayed in this case until after the Rule 26(f) conference;

   b. **Twenty-one (21) days** prior to the ENE, Plaintiff's counsel shall lodge with Magistrate Judge Lopez's chambers, and serve on opposing counsel, a statement no more than <u>two (2) pages in length</u>, including the following information:

      i. An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act. A recitation of regulations, by number, will not satisfy this requirement. The claimed violations must be specifically described.

      ii. A statement of the amount and category of damages claimed by Plaintiff in this action;

      iii. The amount claimed for attorneys' fees and costs; and

      iv. The Plaintiff's demand for settlement of the case in its entirety.

   c. **At least fourteen (14) days** prior to the ENE, lead counsel responsible for the case and any unrepresented parties, along with property managers of commercial locations, shall meet and confer in person at the subject premises regarding settlement of:

      i. The premises violations alleged; and

      ii. Damages, costs, and attorneys' fees claims.

   Plaintiff's counsel shall be responsible for making arrangements for the conference.

   d. Plaintiff's counsel shall be prepared to present to the Court *for in camera* review at the ENE documentation supporting the amount of attorneys' fees and costs claimed.

   **IT IS SO ORDERED**.

Dated: January 23, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

## **NOTICE OF RIGHT TO CONSENT TO TRIAL**
## **BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on Form 1A available in the Clerk's Office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.